**Ronny Immanuel JAO; Lily Immanuel Euw Jong; Samuel Jao; Hana Immanuel Jao, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–72039.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

R.App. P. 34(a)(2).

Daniel P. Hanlon, Esquire, Hanlon & Greene, Pasadena, CA, for Petitioners.

Jamie M. Dowd, Esquire, Ernesto H. Molina, Jr., Esquire, Oil, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Ronny Immanuel Jao, his wife and two adult children, all natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's finding that petitioners did not estab-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lish past persecution because the Indonesian government was willing and able to protect Jao from the native Indonesians who beat him twice after attempting to extort money from him. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005). Substantial evidence also supports the IJ's conclusion that petitioners did not establish past persecution, because the sexual harassment endured by Hana Jao was not persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003), and because the vandalism to petitioners' house and car during the May 1998 riots also did not constitute persecution, *see Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (concluding that acts of random violence during periods of significant strife are insufficient to establish past persecution).

■ In addition, substantial evidence supports the IJ's conclusion that petitioners failed to demonstrate a well founded fear of persecution because, even as members of a disfavored group in Indonesia, petitioners have not demonstrated an individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004). Further, the record does not compel the conclusion that petitioners demonstrated a pattern and practice of persecution against similarly situated individuals in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, petitioners' asylum claim fails.

■ Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of re-

moval. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**